**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRENTICE WILLIAMS, | No. CV 05-1009 PHX-JAT |
| Plaintiff, | |
| vs. | **ORDER** |
| CITY OF TEMPE; TEMPE POLICE DEPARTMENT; OFFICERS: MATT WORBINGTON, MIKE WARREN, MIKE WALLACE, | |
| Defendants. | |

Pending before this Court is Defendants'[1] Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 22) pursuant to Fed. R. Civ. P. 12(b)(6), filed on December 27, 2005. Plaintiff filed his response to Defendants' motion (Doc. # 23) on January 27, 2006. Defendants' filed their reply on February 6, 2006. The Court now rules as follows.

**I. Background**

Plaintiff proceeds in this case pro se. Plaintiff Prentice Williams' Amended Complaint (Doc. # 19) alleges three counts involving "[v]iolations of the Plaintiff's [c]ivil [r]ights and Criminal Conspiracy: [v]iolation of U.S.C 241." (Pl.'s Am. Compl. 2.) Plaintiff

---

[1] "Defendants" refers to all Defendant parties in this case unless otherwise specified.

1 brings this action for damages and unspecified declaratory and injunctive relief pursuant to
2 42 U.S.C. § 1983.

3 Count one of Plaintiff's Amended Complaint states that "[o]n 12/17/04 at 12:45 the plaintiff was racially profiled, and illegally seized by Tempe [Police] Officer Matt Worbington . . . ." (Pl.'s Am. Compl. 2.) Plaintiff also alleges that this detention was the result of selective enforcement of bicycle laws, and that he was detained for 53 minutes "to harass and provoke the plaintiff." *Id*.

8 Count two of Plaintiff's Amended Complaint states that "[o]n 4-6-03, Tempe Police Officer [Mike Wallace] tried to run me down in his patrol car . . . . with deliberate intent . . . . two different times on the same occasion." *Id.* at 3. Plaintiff alleges that this was "Attempted Murder" and "Conspiracy: U.S.C 241." *Id.*

12 Count three of Plaintiff's Amended Complaint states that "[o]n 4-28-03 at about 2:00 p.m. Plaintiff was pulled off of a city bus by Tempe Sgt. Mike Warren who said only at the time that there was a bank robbery and I could not leave." *Id.* Plaintiff alleges that this was an illegal seizure under the 4th Amendment, selective enforcement, racial profiling, conspiracy, and "a violation of the Plaintiff's 14th Amendment Rights of the Equal Protection Clause." *Id.* at 4.

18 Plaintiff also alleges that the "City of Tempe has [condoned] the acts and the intentional and reckless behavior of the Tempe Police Dept. and Officers Matt Worbington, Mike Warren, and Mike Wallace. . . ." *Id.* at 2. Plaintiff further alleges that "the defendants have engaged in a campaign of Criminal Conspiracy and Racial Profiling and other predicate acts directed towards the plaintiff." *Id.*

### II. Legal Standards

24 A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)). "The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco*

1  *Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)).  "The Rule 8
2  standard contains a powerful presumption against rejecting pleadings for failure to state a
3  claim." *Id.* at 249 (quotation marks omitted).  "All that is required are sufficient allegations
4  to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d
5  795, 798 (9th Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 47(1957); 5 C. Wright & A.
6  Miller, *Federal Practice & Procedure* § 1202 (2d ed. 1990)).  Indeed, though "'it may appear
7  on the face of the pleadings that a recovery is very remote and unlikely[,] . . . that is not the
8  test.'" *Gilligan*, 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).
9  "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is
10  entitled to offer evidence to support the claims.'" *Id.*

11  Finally, it is well established that pro se complaints, "however inartfully pleaded[,]
12  are held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*
13  *Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *see Ortez v. Wash. County*, 88 F.3d
14  804, 807 (9th Cir. 1996) ("Because Ortez is a pro se litigant, we must construe liberally his
15  inartful pleading[.]") (citation omitted).  "In civil rights cases where the plaintiff appears pro
16  se, the court must construe the pleading liberally and must afford plaintiff the benefit of any
17  doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see Morrison*
18  *v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Karim-Panahi*, 839 F.2d at 623; *Haines*
19  *v. Kerner*, 404 U.S. 519, 520 (1972)); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999)
20  (citing  *Karim-Panahi*, 839 F.2d  at 623).

21  When analyzing a complaint for failure to state a claim, "[a]ll allegations of material
22  fact are taken as true and construed in the light most favorable to the non-moving party."
23  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *see Miree v. DeKalb County*, 433 U.S.
24  25, 27 n.2 (1977).  In addition, the district court must assume that all general allegations
25  "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano*
26  *Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173 (1995)
27  (citations omitted).  The district court need not assume, however, that the plaintiff can prove
28  facts different from those alleged in the complaint.  *See Associated Gen. Contractors of*

*Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984).

### III. Analysis

*A.   Timeliness of Plaintiff's reply*

Defendants argue that this motion to dismiss should be granted because Plaintiff's response was filed "seventeen days after the due date." (Defs.' Reply in Supp. of Mot. to Dismiss 1-2). Plaintiff alleges in his oral argument to this Court that he received the Motion significantly later than Defendants state, and that his response was within ten days of receiving that motion. While this raises a question of fact regarding timeliness, the Court finds it unnecessary to reach the timeliness issue. The Court's ruling would be unchanged had Plaintiff failed to respond.

*B.   Addition of Officer Warren to the Complaint*

Defendants assert that Plaintiff added Sergeant Warren to the Complaint without leave of the Court to do so. The Court's October 11, 2005 Order (Doc. # 18) inadvertently omitted Sergeant Warren's name from the parties to be added.[2] Plaintiff's Amended Complaint adds the appropriate Defendants.

*C.   Dismissal of Tempe Police Department as a Non-Jural Entity*

Defendants cite *Edmonds v. Dillin*, 485 F. Supp 722 (N.D. Ohio 1980), for the proposition that "the Tempe Police Department should be dismissed from this claim because police departments are not jural entities under § 1983." (Defs.' Mot. to Dismiss 2.) *Edmonds* is not binding on this Court, and Defendants misstate the holding of that case. Nowhere does *Edmonds* state or imply that police departments cannot be sued under § 1983,

---

[2] The Court's intent was to order Plaintiff to include the names of all Officers named in the Complaint. Officers Wallace, Worbington, and Sergeant Warren are all named in the body of the original Complaint.

- 4 -

1   rather it stands for the proposition that non-jural entities are not subject to suit.

2   There is no per se rule that police departments are not jural entities.[3] In fact, there is
3   no consensus within the District of Arizona as to whether the Maricopa County Sheriff's
4   Office is a jural entity. *See Wilson v. Maricopa County*, No. CV04-2873-PHX-DGC, 2005
5   WL 3054051, at *1 (D. Ariz. 2005).

6   Additionally, Defendants fail to apply the three part test laid down in *McClanahan v.*
7   *Cochise College*, 540 P.2d 744 (Ariz. Ct. App. 1975), for determining whether the Tempe
8   Police Department is a jural entity. Given that this issue has not been appropriately argued
9   in the motion to dismiss, the Court will not address the jural entity question at this time.

10  D.    *§ 1983 Claims Against City of Tempe and Tempe Police Department*

11  Defendants assert that the § 1983 claim against the City of Tempe and the Tempe
12  Police department should be dismissed because those entities do not have a policy or custom
13  which led to Plaintiff's injuries. *Id.* A local government cannot be sued under § 1983 for the
14  actions of its employees by way of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of*
15  *New York*, 436 U.S. 658, 694 (1978). However, a local government can be sued under §
16  1983 where that government's "policy or custom" gives rise to the injury. *Id.*

17  Defendants state that "Plaintiff fails to allege a custom or policy implemented by
18  Tempe that led to his purported civil rights violation." (Defs.' Mot. to Dismiss 3.)
19  Defendants also state that the "only allegation . . . that appears to relate to the custom, policy
20  or practice requirement is his statement . . . that Tempe has condoned the officers' behavior",
21  and that this alleged "condoning of the officers' behavior" cannot be policy because it would
22  be occurring after the incident giving rise to the injury. *Id.* This conclusion is the result of
23  assumption on the part of Defendants. Plaintiff's contention that Tempe "has [condoned] the

---

25  [3] Some courts have found that police departments are not jural entities. *Pierre v.*
    *Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996); *Baldi v. City of Philadelphia*, 609 F.
26  Supp. 162, 168 (E.D. Pa. 1985); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 443 (N.D.
    Ill. 1984). Other courts have found the opposite. *Pilette v. Detroit Police Dep't*, 661 F.
27  Supp. 1145, 1150 (E.D. Mich. 1987); *Gaborik v. Rosema*, 599 F. Supp. 1476, 1481 (W.D.
28  Mich. 1984); *Kennibrew v. Russell*, 578 F. Supp. 164, 166-67 (E.D. Tenn. 1983).

1    . . . behavior of the Tempe Police Dept. and Officers" contains no such temporal relator. *Id.*

2    Defendants also fail to address Plaintiff's contention that "the defendants have engaged in a campaign of Criminal Conspiracy and Racial Profiling." *Id.* Even if this assertion does not specifically state a custom or policy, a plaintiff "need not specifically allege a custom or policy; it is enough if a custom or policy can be inferred from the allegations of the complaint." *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986). Given this Court's duty to construe the pleadings of pro se litigants liberally under *Karim-Panahi*, the Court finds that Plaintiff's Amended Complaint states a claim under § 1983 upon which relief may be granted against Defendants City of Tempe and Tempe Police Department.

*E.     § 1983 Claims Against Officers Worbington, Warren, and Wallace*

Defendants contend that the § 1983 actions against Officers Worbington, Warren, and Wallace should be dismissed because "the officers acted reasonably and investigative detention is lawful." (Defs.' Mot. to Dismiss 4.) Indeed, investigative detention is lawful where an officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981). While the Defendant Officers may very well have been acting reasonably when they detained the Plaintiff, that is not the nature of the inquiry here.

In order for Defendants to prevail on this Motion to Dismiss, they must show "that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett*, 31 F.3d at 816. Plaintiff alleges that the seizures of his person detailed in counts one and three of the Amended Complaint were the result of "[s]elective [e]nforcement" and "[racial p]rofiling". (Pl.'s Am. Compl. 2,3.) Plaintiff alleges that these seizures were illegal under the 4th Amendment, and were due to his race, violating his 14th Amendment right to equal protection of the laws. *Id.* at 4. Plaintiff alleges in count two that Officer Wallace attempted to murder him by running him over with a police car. *Id.* at 3. While Plaintiff fails to articulate how this is a constitutional

- 6 -

1 violation, the Court assumes for the purposes of this motion that, if proven, this would be
2 excessive force in violation of Plaintiff's due process rights.

3 Defendants respond to these allegations by referring to facts supporting the
4 officers' reasonable conduct that are not contained in Plaintiff's Amended Complaint.
5 Again, Defendants misunderstand the nature of the inquiry here. The Court is compelled
6 to accept all factual allegations in the Amended Complaint as true. *See Shwarz v. United*
7 *States*, 234 F.3d 428, 435 (9th Cir. 2000). Defendants insistence that these allegations are
8 false is immaterial when considering whether to dismiss a claim pursuant to Fed. R. Civ.
9 P. 12(b)(6). The question is whether Plaintiff's Amended Complaint states a claim
10 against the Defendant Officers. Accepting Plaintiff's allegations as true, the Court finds
11 that the Amended Complaint states a § 1983 claim upon which relief may be granted
12 against Defendants Worbington, Warren, and Wallace.

13 *F.    Conspiracy Claims Against Defendants*

14 Throughout the complaint, Plaintiff makes allegations of "Criminal Conspiracy"
15 against Defendants in violation of "U.S.C. 241." It seems evident from the Amended
16 Complaint that Plaintiff is referring to the criminal Conspiracy Against Rights statute, 18
17 U.S.C. § 241. Defendants state correctly that this is not a criminal proceeding, and
18 Plaintiff my not bring criminal charges against Plaintiff.

19 However, there is an analogous civil statute to the criminal conspiracy statute: 42
20 U.S.C. § 1985(3), which states in pertinent part:

> If two or more persons in any State or Territory conspire or go in disguise
> on the highway or on the premises of another, for the purpose of depriving,
> either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the laws;
> . . . in any case of conspiracy set forth in this section, if one or more persons
> engaged therein do, or cause to be done, any act in furtherance of the object
> of such conspiracy, whereby another is injured in his person or property, or
> deprived of having and exercising any right or privilege of a citizen of the
> United States, the party so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or deprivation, against any
> one or more of the conspirators.

1 *Id.*

2     Again, given the Court's duty to construe the pleadings of pro se litigants liberally,
3 it seems clear that this is precisely the type of conspiracy that Plaintiff alleges.  Given the
4 nearly identical language of 18 U.S.C. § 241 and 42 U.S.C. § 1985(3), it would be unjust
5 for the Court to dismiss Plaintiff's conspiracy claims simply because he failed to give the
6 correct citation.  The Court therefore finds that Plaintiff's claims of conspiracy against
7 Defendants state a claim upon which relief may be granted.

8 G.    *Punitive Damages*

9     Defendants also assert that punitive damages cannot be imposed in a § 1983 action
10 against a municipality or against individuals acting in their official capacities.
11 Defendants' reading of *Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981), is correct:
12 punitive damages are not available under § 1983 against a municipality or against police
13 officers acting in their official capacities.  *Id.* at 271.  Insofar as the Amended Complaint
14 seeks punitive damages under § 1983 against the City of Tempe, the Tempe Police
15 Department, and the Defendant Officers in their official capacity, the claim is dismissed.

16     However, the Defendant Officers can be held liable for punitive damages in their
17 individual capacities where their actions were "motivated by evil motive or intent."  *Smith*
18 *v. Wade*, 461 U.S. 30, 56 (1983).  There are numerous facts alleged in the Amended
19 Complaint that could be found to constitute "evil motive or intent."  Given the Court's
20 obligation to treat the factual allegations in the Amended Complaint as true, the Court
21 cannot dismiss the punitive damage claims against the Defendant Officers in their
22 individual capacities.

23     This order does not address the availability of punitive damages under § 1985(3)
24 or any other claim which may be alleged by the Amended Complaint.
25 Accordingly,

26     **IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended
27 Complaint (Doc. # 22) is **GRANTED** with respect to Plaintiff's punitive damage claims
28

- 8 -

under 42 U.S.C. § 1983 against the City of Tempe, Tempe Police Department, and the Defendant Officers in their official capacity, and **DENIED** in all other respects.

DATED this 27th day of March, 2006.

_____
James A. Teilborg
United States District Judge