**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRENTICE WILLIAMS, | No. CV-05-1009-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| CITY OF TEMPE<br>TEMPE POLICE DEPT.<br>OFFICERS: MIKE WALLACE, MIKE WARREN, MATT WARBINGTON, | |
| Defendants. | |

Pending before this Court is Plaintiff's Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) (Doc. 30).

**I.    FACTUAL BACKGROUND**

Plaintiff alleges that in his prior experience, after he files a complaint against the City of Tempe ("City"), the City and the police department engage in retaliatory harassment to prevent Plaintiff from successfully bringing suit. On April 6, 2005, Plaintiff filed a 42 U.S.C. § 1983 suit against the City. Assuming that Defendants will engage in similar tactics during this suit, Plaintiff submitted a Motion for Temporary Restraining Order on April 4, 2006 to enjoin Defendants from harassing him during the pendency of this action.

## II. RULE 65 ANALYSIS

Plaintiff's Motion is made pursuant to Rule 65(b) for a Temporary Restraining Order (TRO). Rule 65(b) describes a procedure that allows the movant to obtain a TRO against another party without notice to, or the presence of, that party. Here, it appears that Plaintiff actually intended to seek a preliminary injunction against Defendants. First, Plaintiff notified Defendants when Plaintiff submitted a copy of the motion to them. Second, a TRO ordinarily expires within 10 days unless the non-moving party consents to an extension. This Court agrees with Defendants that Plaintiff's motion indicates that he does not want the TRO to expire. Accordingly, the Court allowed the Defendants time to respond, and proceeds as if the Plaintiff's motion were for a Preliminary Injunction pursuant to Rule 65(a).

## III. LEGAL ANALYSIS

Plaintiff alleges that the City of Tempe and the Police Department of Tempe are purposefully attempting to harm him. He seeks a preliminary injunction to prevent Defendants from attacking him while he prosecutes the § 1983 claim. This Court must therefore analyze the circumstances under which a preliminary injunction should be granted and whether Plaintiff is entitled to relief.

The Ninth Circuit Court of Appeals outlined four factors to determine whether a preliminary injunction should be granted: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980), see also Goto.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th Cir. 2000).

Subsequently, the Ninth Circuit Court of Appeals further consolidated the factors into one test. It expressed that the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits *and* the possibility of irreparable injury ("irreparable harm" prong) or (2) that serious questions are raised and the balance of hardships tips sharply in [Plaintiff's] favor ("balancing of hardships" prong). William Inglis and Sons Baking Co. v. Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1976)

1  (parentheticals added); see MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 516
2  (9th Cir. 1993). These showings are not separate tests, but rather, the limits "of a single
3  continuum." Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers,
4  584 F.2d 308, 315 (9th Cir. 1978). In other words, under this approach, if the movant has
5  no chance of success, it will not be entitled to injunctive relief. At a minimum Plaintiff must
6  have a fair chance of success on the merits. McCormick v. Claytor, 441 F.Supp. 622, 625
7  (D. Oregon 1977). This Court thus analyzes the "irreparable harm" prong and the "balancing
8  of hardships" prong of the test below to determine if Plaintiff made a sufficient showing to
9  obtain relief.

### A. IRREPARABLE HARM

#### 1. SUCCESS ON THE MERITS

Plaintiff brings a 42 U.S.C. §1983 claim against the City of Tempe. Whether Plaintiff is likely succeed on the merits of that claim is an important factor in determining whether a sufficient showing of "irreparable harm" has been demonstrated.

Defendants make three arguments explaining why Plaintiff cannot succeed on the merits: (1) the claims have procedural defects; (2) an injunction is inappropriate because a legal remedy exists; and (3) Plaintiff will not be able to demonstrate that a City policy led to his harm.

First, Defendants argue that Plaintiff does not have a reasonable chance of succeeding on the merits of his claims, because the claims are procedurally inadequate. They assert that two of the § 1983 claims fell outside the statute of limitations, and that other claims failed to comply with Arizona's notice of claims statute.

Federal statutes contain no specific limitation period for civil rights claims brought under § 1983. Wilson v. Garcia, 471 U.S. 261, 266 (1985). The Supreme Court held that the statute of limitations for a § 1983 claim is generally the applicable state-law period for personal injury torts. Id. at 280; see also Owens v. Okure, 488 U.S. 235, 240-41(1989). Here, the two-year limitations period of A.R.S. § 2542(1) applies to Plaintiff's 1983 claim. Plaintiff's claim was filed on April 6, 2005. The alleged incidents between Plaintiff and

1 Officer Wallace occurred on April 6, 2003.  Because the complaint was filed within two
2 years from the time the claim accrued, the statute of limitations had not expired and the
3 Plaintiff is not barred from bringing this action on this ground.

4       In addition, the Plaintiff's case is not necessarily barred by the Arizona Notice of
5 Claims Statute.  The Arizona Court of Appeals held that the language of Rule 4(i), Ariz. R.
6 Civ. P., "like its federal counterpart," allows a trial court to extend the time for service, even
7 absent a showing of good cause.  Maher v. Urman, 124 P.3d 770, 775 (Ariz. App. Div.2,
8 2005); e.g. Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir.1995) ("The plain
9 language of Rule 4(m) ... broadens the [trial] court's discretion by allowing it to extend the
10 time for service even when the plaintiff has not shown good cause.").  Plaintiff may be able
11 to satisfy the Notice of Claims statute regardless of this deficiency, and thus would not be
12 barred from bringing a claim.  This issue may not reduce Plaintiff's chance of prevailing on
13 the merits of his claim.

14       Second, the Defendants argue that because a legal remedy exists, in the form of a
15 lawsuit for money damages, Plaintiff is not entitled to a preliminary injunction.  Plaintiff
16 alleges that Defendants are trying to injure or *kill* him.  Should the Plaintiff be killed, money
17 damages would not make him whole, and thus this argument is unpersuasive.

18       Third, Defendants argue that Plaintiff will not prevail on the merits because Plaintiff
19 cannot prove that a police department policy existed that caused Plaintiff's alleged
20 harassment. There are three ways that Plaintiff can establish entity liability, however.  In
21 Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002) (*cert. denied* 537 U.S.
22 1106 (2003)), the Court of Appeals classified entity liability claims under §1983 into two
23 categories: (1) when the violation was caused by a policy practice or custom of the
24 municipality or (2) when the violation was caused by a person who has "final policymaking
25 authority."  Additionally, (3) Plaintiff can prove entity liability on a "failure to train" theory.
26 Turney v. Waterbury, 375 F.3d 756, 762 (8th Cir. 2004).  However, Plaintiff provides no
27 information that demonstrates that he can prove entity liability under any theory. If anything,
28 the hearing demonstrated that Police Chief Tranter went to great lengths to accommodate

1 Plaintiff and meet with Plaintiff to allay his fears.  Additionally, the police department sent
2 extra police officers in response to any complaint made by Plaintiff so that any interaction
3 between police and Plaintiff would be witnessed to ensure Plaintiff's rights were not violated.
4 Therefore, based on this record, it is impossible for this Court to conclude that Plaintiff is
5 likely to prevail on the merits of its § 1983 claim.[1]

## 2. IRREPARABLE INJURY

In addition to likelihood of "success on the merits," the possibility of Plaintiff sustaining an irreparable injury is a critical factor in the "irreparable injury" prong of the test for granting a preliminary injunction.  The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies.  Sampson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 951 (1974).  Although Plaintiff asserts that Defendants will attempt to seriously injure him, Plaintiff provides no credible evidence to that effect.  Plaintiff conceded that it is merely his belief, inferred from past interactions with the police, that Defendants will harass him.  The Court cannot rely upon unsupported speculation to enjoin the Defendants.

In a similar case, the Second Circuit Court of Appeals held that where Plaintiff could show no wrongful use of force that was authorized by City policy, and where it was unlikely that Plaintiff was likely to again suffer from an assault by police, Plaintiff did not have standing to obtain an injunction against City to limit police officers' use of such force in the future.  Curtis v. City of New Haven, 726 F.2d 65, 69 (2d Cir. 1984).  Here, Plaintiff provided no evidence that he was harmed by police action pursuant to a City policy, and does not demonstrate that such "harm" is likely to happen in the future.  Without more, this Court cannot find it likely that the Plaintiff will be injured.  Additionally, Plaintiff provided little

---

[1]Moreover, the doctrine of qualified immunity could further reduce Plaintiff's likelihood of prevailing on the merits.  Qualified immunity provides that the state actor is not liable for violating Plaintiff's constitutional rights if either: (1) the law was not clearly established, or (2) the mistake was reasonable.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Here, although there are not enough facts for this Court to determine whether qualified immunity applies, this defense makes it even less likely that Plaintiff will succeed on the merits.

1 evidence that police attempted to *harm* him in the past. Even if the Court accepts Plaintiff's 2 version of the facts, most of the alleged police misconduct constitutes mere harassment. 3 Even if some significant threat of injury can be hypothesized, it was neither found nor shown 4 to be likely in this case.

5 Plaintiff has not demonstrated that he is particularly likely to succeed on the merits 6 or that he is likely to be irreparably harmed. Because neither factor weighs strongly in his 7 favor, this Court finds that Plaintiff has not demonstrated that it should be granted a 8 preliminary injunction. However, this Court will also explore whether, under a "balancing 9 of hardships" analysis, Plaintiff is entitled to relief.

### B. BALANCING OF HARDSHIPS

Under this test for a preliminary injunction, the critical inquiries are whether a balancing of the relative hardships weighs in favor of the Plaintiff and whether serious issues are raised that involve public interest.

#### 1. BALANCING RELATIVE HARDSHIPS

Traditional standards for granting a preliminary injunction impose a duty on the Court to balance the interests of all parties and weigh the damage to each, mindful of the moving party's burden to show the possibility of irreparable injury to itself and the probability of success on the merits. Doran v. Salem Inn, Inc., 422 U.S. 922, 931, 95 S.Ct. 2561, 2567 (1975); Friends of the Earth, Inc. v. Coleman, 518 F.2d 323, 327 (9th Cir. 1975). In other words, this test can only be satisfied by a showing that the relative burden on the Defendant if the Court were to grant the injunction would be lighter than the burden that would be placed upon Plaintiff if the Court were to deny the preliminary injunction. Here, Plaintiff cannot refute the argument that enjoining the City from contact with Mr. Williams would cause severe administrative difficulties.

The City argues that it is intimately involved with the lives of its citizens, providing water, sewer, medical, emergency, and law enforcement services. A broad injunction could prevent Tempe from engaging in these activities near Plaintiff, which could then endanger or inconvenience other citizens. The balance of hardships weighs heavily in favor of the

1 Defendant. The Plaintiff has presented no credible evidence that his life or safety is 2 endangered, and thus the refusal of this Court to grant his injunction will result in a 3 negligible burden to Plaintiff.

### 2. SERIOUS ISSUES OF PUBLIC INTEREST

5 It also does not appear as if any serious issues are raised that require this Court to 6 issue an injunction while those issues are pending on the merits. There is no significant 7 public interest element in this case. For example, in Jackson v. National Football League, 8 public interest favored granting a TRO against enforcement of the National Football 9 League's first refusal rule (restricting movement of players between teams), because the law 10 at issue in that case, the Sherman Act, involved an area of significant public interest: 11 professional football. 802 F.Supp. 226, 232 (D. Minn. 1992). Moreover, if public interest 12 were considered, it would weigh against granting an injunction because the Defendants' 13 ability to perform critical public works functions is at issue. Because there is no serious issue 14 of public concern raised in this litigation, this issue does not factor into consideration of 15 Plaintiff's motion for a preliminary injunction.

### IV.   CONCLUSION

17 Plaintiff asks the Court to issue a broad injunction against a City, a police department, 18 and individuals police officers, even though the record contains no evidence warranting such 19 drastic action. The function of a preliminary injunction is to preserve the status quo while 20 a determination of the action on the merits is pending. Larry P. v. Riles, 502 F.2d 963, 965 21 (9th Cir. 1974). Here, Plaintiff really only seeks to be left unmolested while he pursues 22 litigation on the merits of his § 1983 action. A preliminary injunction is unnecessary to 23 protect this interest. Because Plaintiff is unable to demonstrate, under either the "balance of 24 hardships" prong or the "irreparable harm" prong, that he requires a preliminary injunction, 25 this Court will not grant one.

26 / / /
27 / / /
28 / / /

- 7 -

1  Based on the foregoing,

2  **IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (which
3  this Court treated as a request for Preliminary Injunction) (doc. 30) is denied.

4  DATED this 7th day of July, 2006.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge