**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRENTICE WILLIAMS, | No. CV-05-1009-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| THE CITY OF TEMPE; TEMPE POLICE DEPT.; OFFICERS: MATT WARBINGTON, MIKE WALLACE, MIKE WARREN, | |
| Defendants. | |

Pending before this Court is Plaintiff's Motion for Default (Doc. # 69), filed on July 11, 2006, and Plaintiff's Motion for Copy of the TRO Hearing Transcripts (Doc. # 71), filed on June 29, 2006.

**I.    MOTION FOR DEFAULT**

First, Plaintiff moves the Court to enter default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(a). On May 26, 2006, the Court issued an order in response to Plaintiff's first Motion for Default (Doc. # 41). It denied Plaintiff's motion because all Defendants answered on April 10, 2006. Plaintiff again moves the Court to enter default judgment against Defendants. The Court denies the motion a second time, but will explain the reasons for its denial to avoid confusion regarding this order.

Default judgment is unwarranted in this case. Rule 55(a) states, "When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). In other words, Rule 55 is a *procedural* rule that allows the Court to enter judgment against a party that fails to diligently prosecute or defend its case. Here, Defendants submitted their Answer (which is a pleading) to Plaintiff's Complaint on April 10, 2006. Additionally, all Defendants were represented in the Answer, and all have diligently defended themselves before this Court with other filings besides the Answer, such as in their motions to dismiss. Thus, the Court will not enter default judgment against the Defendants.

## II. MOTION FOR TRANSCRIPTS

Second, Plaintiff moves for a free copy of the transcripts of his temporary restraining order ("TRO") hearing. Pursuant to 28 U.S.C. § 1915(a), the Court allowed the *pro se* Plaintiff to proceed *in forma pauperis*. The Court denied Plaintiff's request for injunctive relief, and Plaintiff now requests that transcripts of the hearing be provided to him free of charge pursuant to his *in forma pauperis* status. Because certain limitations apply to the provision of transcripts furnished at the government's expense, the Court must determine whether Plaintiff is entitled to the transcripts.

Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C. § 753(f). The statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). 28 U.S.C. § 753(f) (1996) (parenthetical in original).[1] The rule's purpose is to prevent the waste of taxpayer dollars on transcripts for use in baseless appeals.

---

[1] Plaintiff's motion falls within the meaning of "other proceedings" that are contemplated by §753(f), which describes the procedure for obtaining transcripts at the government's expense in the context of criminal or habeas proceedings. See 28 U.S.C. 753(f).

- 2 -

1 Therefore, the Court must determine whether Plaintiff's proposed appeal has some merit 2 before it directs the government to pay for his transcripts.

3 The Plaintiff must articulate some ground for appeal that requires transcripts before 4 the Court will subject the government to that expense. When proceeding *in forma pauperis*, 5 transcripts cannot be provided merely to allow [Plaintiff] to search for grounds for relief. 6 Bonner v. Henderson, 517 F.2d 135, 135 (5th Cir. 1975) (per curiam). Instead, Plaintiff has 7 the burden of demonstrating nonfrivolity and substantiality of the claims. See Maloney v. 8 E.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967). Therefore, the Court 9 must examine whether the proposed appeal is not frivolous (but presents a substantial 10 question).

11 The language in § 753(f) suggests that the inquiries of frivolity and substantiality are 12 not identical. Corgain v. Miller states that a claim is frivolous "if the petitioner can make no 13 rational argument in law or facts to support his claim for relief." 708 F.2d 1241, 1247 (7th 14 Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." 15 Maloney, 396 F.2d at 940 (citing Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D. 16 Md.1959). Regardless, the statute mandates that Plaintiff's reason for obtaining free 17 transcripts be nonfrivolous *and also* present a substantial question. Therefore, the Court must 18 determine whether the Plaintiff stated a nonfrivolous, substantial reason for obtaining the 19 transcripts.

20 Plaintiff failed to demonstrate that his proposed appeal is nonfrivolous or presents a 21 substantial question. In his motion, Plaintiff failed to state what issues he proposes to appeal. 22 Thus, the Court is unable to determine from the face of the motion whether his reason for 23 obtaining the transcripts is substantial. Nonetheless, the Court will look to the proceedings 24 to determine if any issue warrants furnishing the transcripts to Plaintiff.

25 At the hearing, Plaintiff alleged that the City of Tempe and the Tempe Police 26 Department entered into a conspiracy to harass and threaten him. Plaintiff argued that, in his 27 prior experience, after filing a complaint against the city and the police department, those 28 entites would retaliate in order to prevent him from successfully suing them. Even if

1 Plaintiff's allegations of past misconduct are true, the Court saw no evidence of a current,
2 credible threat to Plaintiff that would warrant injunctive relief.  In short, Plaintiff presents no
3 substantial question to appeal.  Nothing in the motion or the proceedings before this Court
4 persuades it to direct the United States to pay for transcripts for Plaintiff's proposed appeal.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Default (doc. # 69) and Plaintiff's Motion for Copy of the TRO Hearing Transcripts (doc. # 71) are denied.

DATED this 20th day of July, 2006.

_____
James A. Teilborg
United States District Judge